**XIAO QING FENG, Petitioner,**

v.

**Michael MUKASEY,\* Attorney General of the United States, Respondent.**

No. 04–74163.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2008.

Filed Feb. 29, 2008.

Chung N. Phang, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC,

---

\* Michael Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Donald R. Burkhalter, Jackson, MS, for Respondent.

Before: CANBY, THOMPSON and M. SMITH, Circuit Judges.

## MEMORANDUM **

Xiao Qing Feng ("Feng"), a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") denial of his application for protection under the Convention Against Torture ("CAT").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Bellout v. Ashcroft*, 363 F.3d 975, 979 (9th Cir.2004), we deny the petition for review.

Feng failed to establish that it is more likely than not that, if removed to China, he would be tortured. *Al–Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir.2001). At his initial hearing in 1991, Feng described being arrested for admiring a Western-made car, although the authorities did not tell him why he was arrested. At that hearing, Feng did not indicate that he had ever been tortured. In addition, Feng testified that the only contact he had with the Chinese authorities after the Tiananmen Square massacre was "in regard to taxes." To avoid being arrested, he did not alert them to his participation in the student movement. The Chinese authorities have not shown any interest in Feng or his whereabouts since 1992.

Feng subsequently testified at the 2003 hearing on his CAT application that he had been arrested in February 1990 because of his political activity and involvement in the student movement. He also testified that he was held in jail for fifteen days, mentally tortured, beaten by other prisoners, and was without food for five days.

We consider this evidence along with all other "evidence relevant to the possibility of future torture." *See Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001) (quoting 8 C.F.R. § 208.16(c)(3) (2000)). The IJ determined Feng's later testimony to be inconsistent with his former testimony and to be insufficient to establish that it was more likely than not that, if removed to China, Feng would be tortured.

Because we do not find that the evidence "would *compel* a reasonable finder of fact to reach a contrary result," we uphold the BIA's decision dismissing Feng's appeal. *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895–96 (9th Cir.2003) (emphasis in original) (citation and internal quotation marks omitted).

Petition for review **DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Feng originally filed an application for asylum and withholding of removal on June 19, 1991. Following a hearing, the IJ denied Feng's application for asylum and withholding of deportation. On February 1, 1999, the BIA affirmed the IJ's decision. Feng filed a motion to re-open to have his claims considered under CAT due to a change in the regulations. The BIA granted the motion and remanded to the IJ to have his CAT application considered. Following a hearing, the IJ denied Feng's application. On July 21, 2004, the BIA affirmed the IJ's decision. Feng now petitions for review of his CAT application.